The Honorable William P. McKenna Senator, District 22 State Capitol Building Jefferson City, Missouri 65101
Dear Senator McKenna:
This opinion letter is in response to your question concerning the effect on the terms of office of members of the board of directors of a public water supply district when the month for election of directors is changed from June to April. You pose your question as follows:
 Public water supply districts currently conduct board of directors elections in the month of June pursuant to Section 247.180.1, RSMo. The terms of the directors are from June to June. If the public water supply districts change the month of the board of directors election to April, what is the term of the board of directors for the first year after the change and each year thereafter when there is an April election?
We presume your question relates to public water supply districts organized and operating under sections 247.010 through247.220, RSMo. Subsection 1 of Section 247.180, RSMo 1994, allows elections for the board of directors of public water supply districts to be held in April or June. Such subsection provides:
 247.180. Elections in district, when — conducted by mail, when, procedure. — 1. Regular elections shall be held annually on the first Tuesday after the first Monday in June, or the election may be held in April at the same time as regular school elections.
* * *
Section 247.060, RSMo 1994, describes the board of directors of a public water supply district and sets the terms of the directors. Section 247.060 provides in relevant part:
 247.060. Board of directors — powers — qualifications — appointment — terms — vacancies, how filled — elections held, when, procedure. — 1. . . . [The board of directors] shall be composed of five members, . . . . Except as provided in subsection 2 of this section, the term of office of a member of the board shall be three years. . . .
 2. The initial members of the board shall be appointed by the circuit court and one shall serve until the immediately following first Tuesday after the first Monday in June, two shall serve until the first Tuesday after the first Monday in June on the second year following their appointment and the remaining appointees shall serve until the first Tuesday after the first Monday in June on the third year following their appointment. On the expiration of such terms and on the expiration of any subsequent term, elections shall be held as otherwise provided by law, and such elections may be held in April pursuant to section 247.180. [Emphasis added.]
Section 247.060.2 recognizes that elections for members of the board of directors may be held in April.
Section 247.070, RSMo 1994, provides for the board to meet and organize no later than thirty (30) days after the election of the board. Such section provides in relevant part:
 247.070. Organization of board, when. — Within thirty days after appointment or election of the board, or on the date of the first regular meeting after appointment or election of the board, whichever is earlier, the board shall meet and organize, selecting one of its number president and one vice president. . . . The president and vice president shall serve for one year and until their successors are selected and qualified.
For there to be compliance with Section 247.070, a director could not be elected at the April election and his taking of office delayed until June.
Also relevant to your inquiry is Article VII, Section 12 of the Missouri Constitution. Such section provides:
 Section 12. Tenure of office. Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified.
An issue for consideration is whether this constitutional provision precludes a director who was elected in June from having his term expire approximately two months prior to when his term would have expired except for the change in the election date from June to April. The Missouri Supreme Court interpreted this constitutional provision in State ex rel. Voss v. Davis,418 S.W.2d 163 (Mo. 1967) and concluded that the terms of incumbent city council members could be shortened from four years to two years by charter amendment without violating Article VII, Section 12. In interpreting Article VII, Section 12, the Court stated:
 In our opinion, respondents misconstrue Sec. 12 when they say its purpose is to bar the shortening of the term of an officer. We believe the intent and purpose of Sec. 12 is to guarantee a continuity of tenure, to make sure that the public, for whose benefit the office has been created, will at all times have an incumbent to perform the duties thereof, to insure that the public interest will not suffer from the neglect of duties which would result for want of an incumbent and that public business will not be interrupted. . . .
 Sec. 12 does not read "all officers shall hold office for the length of the term as it existed when they were elected", as the council in effect contends. The words "for the term thereof" in Sec. 12 mean for the term of the office, whatever it may be. When so read and taken along with the final clause "and until their successors are duly elected or appointed and qualified", which is an integral part of the section, it then fulfills its purpose of insuring continuity and avoiding a lapse in an office, no matter whether the term is shortened or not. In the case before us the city charter fixes the term, not the constitution. By the charter amendments under consideration it is proposed to fix the term for which the officers concerned shall hold office at two years. If these amendments are adopted then the term will be two years, and if the officers hold it for that length of time and until their successors are duly elected or appointed and qualified the requirements of Sec. 12 will have been met.
Id. at 170-171. Based on the interpretation of Article VII, Section 12 by the Court in this case, this constitutional provision does not preclude the term of an existing public water supply district director from being reduced by approximately two months.
Article VII, Section 13 of the Missouri Constitution provides:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended. [Emphasis added.]
This section precludes the terms of the incumbent directors from being extended for approximately ten months which would occur if the transition to the April election from the June election were made by extending the incumbent directors' terms.
Based on the legal principles discussed above, a public water supply district could make the transition from a June election date to an April election date by having the incumbent directors simply serve a term approximately two months shorter than they would have served except for the change in the election date from June to April. Note that the directors serve staggered terms pursuant to Section 247.060. The terms would remain staggered with each incumbent director serving until his successor takes office approximately two months prior to when the incumbent director's term would have ended except for the change in the election date from June to April. The election would be held in April and the newly-elected director(s) would take office no later than thirty days after the April election, replacing the director(s) whose terms would have expired after the June election except for the change in the election date. Subsequent elections would occur in April with the director(s) chosen at an April election taking office no later than thirty days after the April election.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General